

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2003

# USA v. Chandler

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2572

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Chandler" (2003). 2003 Decisions. Paper 360.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/360

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed July 18, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 01-2572

———————

UNITED STATES OF AMERICA,

v.

LINDA LEE CHANDLER,

*Appellant*

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. No. 00-CR-00169
District Judge: Honorable Donetta W. Ambrose

———————

**ORDER AMENDING SLIP OPINION**

———————

POLLAK, District Judge:

It is now ordered that the published Opinion in the above case filed April 14, 2003, be amended as follows:

In the paragraph beginning on page 221 of 326 F.3d, and continuing onto page 222, after the phrase "three ounces of cocaine," insert the following footnote:

> The following excerpts from Sylvester's trial testimony confirm Sylvester's recognition of the importance of testifying in conformity with the government's expectations. On direct examination, the following exchange occurred between Mr. Rivetti and Sylvester:

Q: . . . . What is your understanding under the plea agreement as to the information you are providing to the agents, could that information be used against you?

A: Yes, if in fact that I didn't hold up to my part of the bargain, so to speak. That was part of the plea bargaining, making sure all the information that I provided was with honesty and truthful and that if at any time that I decided to basically not continue to cooperate, that that information could be used against me.

Q: All right. So if you were truthful, it wouldn't be used against you?

A: That is correct.

Q: So you agreed to tell everything you knew about the drug trafficking?

A: Yes.

Q: And your liability was limited to what?

A: The three ounces that I sold to the individual.

On cross-examination, the following exchange occurred between Mr. Scorotow and Sylvester:

Q: Let's talk about that [plea] agreement. The final person who put in that you're honest and truthful is sitting right here, Mr. Rivetti, isn't that correct?

A: I'm sorry?

Q: The person who put what we call that 5K motion in to Judge Ziegler was Mr. Rivetti right here?

A: Yes.

Q: So he's the arbitrator on if you're truthful or not, right?

A: Yes. I would believe so.

3

By the Court,

 /s/ Louis H. Pollak 
District Judge

Dated: July 18, 2003

A True Copy:
          Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*